UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BENJAMIN BRYAN BROCKIE,<br><br>                  Plaintiff,<br><br>   v.<br><br>JAMES KEY,<br>Superintendent of Airway Heights<br>Corrections Center<br><br>                  Defendant. | NO: 2:16-CV-100-RMP<br><br>ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR A WRIT OF HABEAS CORPUS |

Before the Court is Benjamin B. Brockie's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Court has reviewed the petition, ECF No. 1, Respondent's Answer, ECF No. 9, Petitioner's Reply, ECF No. 12, and is fully informed. For the reasons set forth below, the petition is denied as untimely.

## BACKGROUND

*History of the Case*

Mr. Brockie currently is in custody at the Airway Heights Corrections Center, in Airway Heights, Washington. His confinement resulted from a 2003 state-court

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR A WRIT OF HABEAS CORPUS ~ 1

1  conviction for two counts of first-degree robbery, fifteen counts of first-degree
2  kidnapping, and two counts of threatening to bomb or injure property.  The trial court
3  originally sentenced Mr. Brockie in 2003 to an exceptional sentence, below the
4  standard range, of 397 months imprisonment.  Following a remand from the state
5  appellate court, the superior court, on May 30, 2008, resentenced Mr. Brockie to
6  standard-range prison terms totaling 812 months.

The following facts underlying Mr. Brockie's conviction are garnered from the Washington Court of Appeals' 2009 unpublished opinion.[1]  When Mr. Brockie was charged in 2002, the State alleged that he robbed a Pizza Hut, an Inland Northwest Bank, and a Safeway Federal Credit Union and kidnapped employees and patrons of those establishments in the course of the robberies.  In December 2002, Mr. Brockie was tried before a jury, and after three days of deliberation, the jury was unable to reach a verdict.  The trial court judge declared a mistrial, finding that the jury was deadlocked, eleven-to-one to convict.

In November 2003, Mr. Brockie was retried, resulting in his conviction on two counts of first degree robbery, 15 counts of first degree kidnapping, and two counts of making bomb threats.  Before retrying Mr. Brockie, the State recovered and tested

---

[1] A federal court reviewing a state court denial of habeas under 28 U.S.C. § 2254 must presume the state court's factual findings are correct. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR A WRIT OF HABEAS CORPUS ~ 2

1  hairs from a pair of nylons found in Mr. Brockie's truck. The jury in the second trial
2  found Mr. Brockie guilty of two counts of first degree robbery, fifteen counts of first
3  degree kidnapping, and two counts of making bomb threats.

4      Mr. Brockie appealed his convictions to the Washington Court of Appeals,
5  Division III ("Court of Appeals"), where, in March 2007, the court issued an
6  unpublished opinion affirming Mr. Brockie's convictions and remanding for
7  resentencing. Subsequently, Mr. Brockie sought discretionary review by the
8  Washington Supreme Court. In February 2008, the Washington Supreme Court
9  denied discretionary review without comment. The superior court conducted a
10 resentencing hearing in May 2008, and entered the amended judgment and a 812-
11 month sentence that Mr. Brockie is currently serving.

12     Mr. Brockie then appealed from the resentencing proceeding, and while the
13 direct appeal was pending, also filed a pro se personal restraint petition. The direct
14 appeal and the personal restraint petition were ordered consolidated. In November,
15 2009, the court of appeals issued an unpublished opinion in the consolidated cases,
16 rejecting Mr. Brockie's claims, affirming Mr. Brockie's sentence, and denying the
17 personal restraint petition.

18     In August 2010, Mr. Brockie moved to vacate his judgment and sentence under
19 Washington Superior Court Criminal Rule (CrR) 7.8 with the Spokane County
20 Superior Court. The superior court transferred the motion to the Court of Appeals
21 pursuant to CrR 7.8(c)(2) to be considered as a personal restraint petition. After

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR A WRIT OF
HABEAS CORPUS ~ 3

1  receiving a response to the petition from the State, the Court of Appeals transferred

2  the case to the Washington Supreme Court under RCW 10.73.140 and *In re Perkins*,

3  143 Wn.2d 261, 19 P.3d 1027 (2001).

4      In July 2011, Mr. Brockie filed his first habeas corpus petition in the United

5  States District Court for the Western District of Washington at Tacoma. Mr. Brockie

6  petitioned the court to stay his habeas proceeding pending the adjudication of one his

7  claims still unresolved by the Washington Supreme Court. The district court denied

8  Mr. Brockie's motion, but granted the motion to delay the submission of his

9  memorandum.

10      In August 2013, Mr. Brockie moved the Western Washington District Court for

11  leave to withdraw his habeas petition without prejudice. Mr. Brockie offered as

12  justification for his request:

13  > The reason the petition was filed prematurely was due to fear of a time bar. Since the petitioner was unaware of proper procedure . . . and is
14  > acting pro se, the petition should be allowed to be withdrawn without prejudice or dismissed without prejudice and allow for the petitioner to
15  > re-file at a later date once all issues have been exhausted.

16  ECF No. 10, Exhibit 57 at 4.

17      In October 2013, the Magistrate Judge issued her "Report and

18  Recommendation," recommending that Mr. Brockie's motion be granted, thereby

19  allowing him to re-file his habeas corpus petition at a later date. That

20  recommendation was ultimately adopted, and the judgment was issued on October 29,

21  2013.

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR A WRIT OF HABEAS CORPUS ~ 4

1   On September 26, 2013, the Washington Supreme Court issued an *en banc* opinion denying Mr. Brockie the relief he sought through his second personal restraint petition. Mr. Brockie asked the Supreme Court to reconsider their decision. On November 7, 2013, the Supreme Court denied Mr. Brockie's motion for reconsideration and issued a "Certificate of Finality" with respect to the denial of the second personal restrain petition.

In March 2014, Mr. Brockie filed a third personal restraint petition with the Court of Appeals. In April 2014, the Court of Appeals summarily dismissed Mr. Brockie's petition, finding it untimely under RCW 10.73.090, for violating the state's one-year statute of limitations for collateral relief actions. Mr. Brockie sought review of the Court of Appeals' dismissal for untimeliness by the Washington Supreme Court to no avail. Therefore, the Court of Appeals issued its certificate of finality on May 20, 2015.

Mr. Brockie submitted his petition for writ of habeas corpus under 28 U.S.C. § 2254 to this Court on March 30, 2016. ECF No. 1. As grounds for federal habeas relief, Mr. Brockie asserts: (1) that the trial court violated due process by reserving ruling on the admissibility of the nylons, which Mr. Brockie asserts were tainted, and then allowing the introduction of the tainted evidence without a ruling; (2) that he was denied effective assistance of trial counsel; (3) that the trial court wrongly instructed the jury on an uncharged alternative means of committing the offense of robbery; and (4) that he was denied effective assistance of appellate counsel.

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR A WRIT OF HABEAS CORPUS ~ 5

*Exhaustion*

To obtain federal review of an application for a writ of habeas corpus, a petitioner must exhaust all state remedies as required by 28 U.S.C. § 2254(b)(1)(A). Therefore, the Court must determine whether Mr. Brockie has exhausted his state remedies.

A petitioner has exhausted his state remedies if the substance of his federal claims has been fairly presented to a state court and adjudicated on the merits there. *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011). Petitioners either must raise all issues present in the habeas petition to the "highest available state court on direct appeal or through a state collateral review," but not both. *Garrison v. McCarthy*, 653 F.2d 374, 376 (9th Cir. 1981) (citing *Gonzalez v. Stone*, 546 F.2d 807, 808, note 2 (9th Cir. 1976) (emphasis added)).

Mr. Brockie's first two grounds for relief were raised in his petition for review by the Washington Supreme Court on his second direct appeal. *See* ECF No. 9, Exhibit 26. His third ground for habeas relief was the sole claim presented in his second personal restraint petition, which was subsequently reviewed and decided by the Washington Supreme Court. *Id*. at Exhibit 51; *In re Brockie*, 178 Wn.2d 532, 309 P.3d 498 (2013). Mr. Brockie's fourth ground for habeas relief was raised in his third personal restraint petition. *Id*. at Exhibit 63. Accordingly, Mr. Brockie has exhausted his state remedies in accordance with 28 U.S.C. § 2254(b).

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR A WRIT OF HABEAS CORPUS ~ 6

**DISCUSSION**

A petition for writ of habeas corpus on behalf of a prisoner in state custody is brought under 28 U.S.C. § 2254. Relief under § 2254 is limited to "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs review of Mr. Brockie's claims because he filed the petition after April 24, 1996. *Chein v. Shumsky*, 373 F.3d 978, 983 (9th Cir. 2004). Under the AEDPA, the district court imposes a "highly deferential" standard of review and must give state court decisions "the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*).

The Court looks to the final ruling of the highest state court, and presumes the state court's factual findings are correct. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The petitioner bears the burden of rebutting that presumption by a "clear and convincing standard." 28 U.S.C. § 2254(e)(1); *Miller-El*, 537 U.S. at 340. When an issue presents a mixed question of law and fact, the presumption of correctness applies to "the questions of fact that underlie th[e] ultimate conclusion." *Sumner v. Mata*, 455 U.S. 591, 596 (1982). Whether counsel provided ineffective assistance of counsel is a mixed question of law and fact. *Strickland v. Washington*, 466 U.S. 668, 698 (1984).

For the Court to issue a writ of habeas corpus, Mr. Brockie must demonstrate that each claim which was adjudicated on the merits in state court proceedings either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court;

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR A WRIT OF HABEAS CORPUS ~ 7

or (2) resulted in a decision that was based on an unreasonable determination of the facts.

### *One-year time limit under 28 U.S.C. § 2244(d)*

Before proceeding to the merits of Mr. Brockie's habeas petition, the Court must determine whether Mr. Brockie's petition indeed is untimely, as the State argues. The AEDPA imposes a "tight time line" for filing habeas petitions. *Mayle v. Felix*, 545 U.S. 644, 662 (2005). Specifically, a prisoner with a state conviction must file a federal habeas petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1)(A)-(D).

The only subsection applicable to Mr. Brockie's petition is the first, the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a petitioner seeks direct review from the state's highest court but does not seek review

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR A WRIT OF HABEAS CORPUS ~ 8

1  from the United States Supreme Court, the judgment becomes final after the time for
2  filing a petition for review with the Supreme Court expires. *Bowen v. Roe*, 188 F.3d
3  1157, 1158-59 (9th Cir. 1999). Mr. Brockie's judgment and sentence became final on
4  October 5, 2010, 90 days after the Washington Supreme Court denied review in Mr.
5  Brockie's second direct appeal. *See* Sup. Ct. R. 13; *Bowen v. Roe*, 188 F.3d 1157,
6  1158-59 (9th Cir. 1999) ("the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A)
7  includes the period within which a petitioner can file a petition for a writ of certiorari
8  from the United States Supreme Court, whether or not the petitioner actually files such
9  a petition."); *Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009). Therefore, absent
10 any tolling of the statute of limitations, Mr. Brockie's time for filing a timely habeas
11 petition under AEDPA began on October 5, 2010, and ran on October 5, 2011.

12       The one-year period of limitation is statutorily tolled during the time in which a
13 properly filed state post-conviction relief petition, such as a personal restraint petition
14 in the Washington state court system, is pending. 28 U.S.C. § 2244(d)(2). Mr.
15 Brockie's second personal restraint petition was no longer "pending," for purposes of
16 28 U.S.C. § 2244(d)(2), when the Washington Supreme Court denied Mr. Brockie's
17 motion for reconsideration on November 7, 2013. Mr. Brockie's third personal
18 restraint petition was deemed untimely by the state appellate courts. Therefore, Mr.
19 Brockie is entitled to tolling of the statute of limitations during the period in which his
20 second personal restraint petition was pending, but not his third.
21

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR A WRIT OF
HABEAS CORPUS ~ 9

1  Equitable tolling of the statute may be appropriate "when external forces, rather
2  than a petitioner's lack of diligence, account for the failure to file a timely claim."
3  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also Holland v. Florida*,
4  560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. at 418) (to warrant
5  equitable tolling, petitioner must show "(1) that he has been pursuing his rights
6  diligently, and (2) that some extraordinary circumstance stood in his way."). A
7  persuasive showing of "actual innocence" by the petitioner also may support equitable
8  tolling of the AEDPA statute of limitations. *McQuiggin v. Perkins*, 133 S.Ct. 1924,
9  1935-38 (2013).

10  The fact that the Western Washington District Court granted Mr. Brockie's
11  motion to withdraw his habeas petition in 2013 does not qualify as an extraordinary
12  circumstance that resulted in the lengthy delay at issue. Mr. Brockie's motion to
13  withdraw demonstrated an awareness of the AEDPA time-bar, and nothing in the
14  District Court's order dismissing Mr. Brockie's petition without prejudice implied that
15  Mr. Brockie would thereafter be exempt from the AEDPA timeframe. ECF No. 10,
16  Exhibits 60 and 61. Moreover, there is nothing in Mr. Brockie's petition to support
17  that he is offering new evidence to demonstrate actual innocence or that he is making
18  a freestanding claim of actual innocence.

19  Accordingly, the AEDPA clock for filing a habeas petition ran on November 7,
20  2014, because Mr. Brockie has not demonstrated a basis for equitable tolling of the
21

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR A WRIT OF
HABEAS CORPUS ~ 10

time limitation.  Mr. Brockie filed his habeas petition with this Court on March 30, 2016, nearly 17 months past the AEDPA deadline.

Therefore, **IT IS HEREBY ORDERED** that Mr. Brockie's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, **ECF No. 1**, is **DENIED**.  A certificate of appealability will not be issued as there is no basis that this Court identifies for a valid appeal.

The District Court Clerk is directed to enter this Order, enter judgment accordingly, provide copies to counsel and Mr. Brockie, and **close the file**.

**DATED** July 20, 2017.

                    *s/ Rosanna Malouf Peterson*
                  ROSANNA MALOUF PETERSON
                     United States District Judge